METCALFE COUNTY *v.* J. G. SCOTT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—422.]

**Release of Sureties by Alteration of Bond.**

Where a bond after its execution is materially altered by the erasure of two of the names to it, all the sureties will be released who did not assent to such erasure.

APPEAL FROM METCALFE CIRCUIT COURT.

November 24, 1880.

OPINION BY JUDGE COFER:

The court below was authorized to find from the evidence that the names of John H. Scott and H. S. Luper were erased from the

bond after it was signed by all the sureties except Gill and Cummings, and that this was done without the knowledge of any of the sureties except one, but with the knowledge of the judge and clerk of the county court, and the names of Gill and Cummings substituted for them.

Luper testified that his name was signed without authority, but the sheriff testified he had a power of attorney from both Scott and Luper authorizing him to sign their names as sureties and Scott did not testify at all. The court was therefore authorized to find that both Scott and Gill, and certainly Scott, would have been bound on the bond if their names had not been erased.

The bond when signed was in the hands of the county officials, and continued in their hands without interruption until after the erasures were made. There was a material alteration of the bond which discharged all the sureties who did not assent to it, and it is not proved that any of them did so assent. It seems probable the erasure was made while the court was sitting, but whether so or not it was made by the county clerk, and probably in the presence of the judge, and a surety who happened to be casually present cannot be held to have assented from the simple fact that he made no objection. His consent was not asked, and ought not to be presumed from mere silence.

If it was conceded that the names of Scott and Luper were forged a different question might be presented, but such does not certainly appear to have been the fact, and the other sureties had a right to have their names remain on the bond. If the names had not been erased it may be they would have been held bound, and the other sureties should not have been deprived of the opportunity to test the question. That they were deprived of that right without their consent is sufficient to discharge them, and this applies as well to those who signed before the two names that were erased as to those who signed afterward.

It is true they did not sign on the faith of those names, but they had a right to presume that other names besides their own would be obtained, and when thereafter a name was signed they became at once interested that it should remain to lighten their responsibility to that extent. So far as Gill and Cummings are concerned, they had a right to suppose that the judge and clerk had authority from the other sureties to erase the names of Scott and Luper, and that

57.

all whose names remained on the bond would be bound to share with them in the burdens imposed by it.

The case of *Terry v. Hazlewood*, 1 Duv. 104, differs from this in this one important particular. Stockton's name was shown to have been a forgery, and no alteration was made in the bond, his signature was not erased. In this case it is doubtful whether Scott and Luper were not bound, but the other sureties are deprived of the right to test the question of their liability by the act of the county clerk done with the knowledge of the county judge in erasing their names from the bond.

The other cases referred to are still less analogous to this. Nor is this a case of spoliation by a stranger. The county court was the agent of the obligee, the county of Metcalfe, and in accepting the bond with knowledge that the names had been erased the court approved that act and made it its own, and the effect is the same as if the court had ordered the two names to be stricken off.

Wherefore the judgment is *affirmed*.

*Sandige & Allen, John W. Compton, for appellant.*

*Rousseau & Leslie, for appellees.*